UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA WOOD,

    Plaintiff,

vs.

                                    Case No. 8:14-cv-2819-T-27EAJ

CITIBANK, N.A., d/b/a, CITI,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are: (1) Defendant's Motion for Summary Judgment (Dkt. 6), to which Plaintiff has responded in opposition with an incorporated motion to stay (Dkts. 8, 10); and (2) Defendant's Motion for Imposition of Sanctions Pursuant to Rule 11 (Dkt. 9), to which Plaintiff has not responded. Upon consideration, Defendant's motion for summary judgment is granted and the motion for sanctions is denied.

### *Background*

Plaintiff Patricia Wood alleges that Defendant Citibank, N.A. violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by attempting to collect a debt under a name other than its own, by communicating with Plaintiff despite knowing that she was represented by an attorney, and by engaging in harassing and abusive conduct. (Dkt. 1). Specifically, Defendant sent Plaintiff a letter, dated July 1, 2014, informing Plaintiff that her account had been sold to Portfolio Recovery Associates, LLC. (Dkt. 10 at ¶ 5). After receiving the letter, Plaintiff retained the services of attorney Frederick Vollrath. (*Id.* at ¶ 7). On July 15, 2014, Vollrath sent a letter to Defendant advising that he represented Plaintiff on the

alleged debt. (*Id.* at ¶ 8). Plaintiff then received another letter from Defendant, dated August 21, 2014, informing Plaintiff that the July 1, 2014 letter was incorrect, and her account had instead been sold to JH Capital Group, LLC. (*Id.* at ¶ 9).

### *Standard*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).

*Discussion*

A. *Motion to stay*

In the response in opposition, Plaintiff first requests a stay, arguing that Defendant's motion for summary judgment is premature. (Dkt. 8 at 3). In particular, Plaintiff argues that the motion for summary judgment was filed shortly after she initiated this action and discovery is still ongoing.

Plaintiff's request to stay consideration of Defendant's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A party seeking to use Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (internal citation and quotation marks omitted) (addressing substantially similar provision in Rule 56, previously included in Rule 56(f)). Rule 56(d) demonstrates that it is not *per se* improper to grant summary judgment without providing the non-moving party an opportunity to conduct additional discovery. *Id.* at 844.

Plaintiff has not submitted an affidavit or declaration, as required by Rule 56(d), explaining why she is unable to meaningfully oppose Defendant's motion. Plaintiff instead makes only a vague assertion that additional discovery is needed, without identifying which relevant evidence remains out of her reach, or how that evidence could affect the disposition of Defendant's motion for

summary judgment. (*E.g.*, Dkt. 8 at 3). Moreover, as discussed below, Defendant's motion for summary judgment turns on the content of the July 1, 2014 and August 21, 2014 letters, which Defendant submits in support of its motion. (*See* Dkt. 6-1). In her response in opposition, Plaintiff does not dispute the content of the letters as offered by Defendant. Notably, the letters should be within Plaintiff's possession or firsthand knowledge, as she admits that she received the letters. (*See* Dkt. 10 at ¶¶ 5, 9).

Accordingly, Plaintiff has failed to demonstrate entitlement to a stay or other relief based on Defendant's early filing of its motion for summary judgment. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000) (affirming summary judgment on two claims where relevant evidence would have been in the plaintiff's possession and additional evidence would not have changed the outcome of the case); *accord Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 (11th Cir. 2011); *Guimaraes v. NORS*, 366 F. App'x 51, 53 (11th Cir. 2010); *Bevan v. Durling*, 243 F. App'x 458, 464 (11th Cir. 2007). Plaintiff's motion to stay is therefore denied.

### B.  FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Among other things, the FDCPA regulates debt collection communications, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. 15 U.S.C. §§ 1692c–1692f. For the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a "debt collector," and (2) the challenged communication

must have been made in connection with the collection of a debt. *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1355 (M.D. Fla. 2012); *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012); *see also* 15 U.S.C. § 1692c (regulating communications "in connection with the collection of any debt"); 15 U.S.C. § 1692d (prohibiting harassment "in connection with the collection of a debt"); 15 U.S.C. § 1692e (prohibiting the use of false and misleading means "in connection with the collection of any debt").

Defendant argues that neither threshold element is met in this case because Defendant is not a "debt collector" within the meaning of the FDCPA, and the challenged letters do not constitute communications "in connection with the collection of a debt." For the reasons set forth below, Defendant's July 1, 2014 and August 21, 2014 letters do not constitute debt collection activity, and Defendant's motion is granted on Plaintiff's FDCPA claim. Defendant's status as a debt collector is therefore not addressed.

The Eleventh Circuit has not established a bright-line rule for determining whether a communication is made in connection with the collection of a debt. *Parker*, 874 F. Supp. 2d at 1356; *see, e.g., Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014) (noting that the FDCPA does not define "collection of debt" or "to collect a debt"). Instead, courts undertake a fact-specific inquiry. *E.g., Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014). As a general principle, the absence of a demand for payment is not dispositive. *Id.* at 1303 n.2; *Parker*, 874 F. Supp. 2d at 1356-57. Courts instead consider whether the overall communication was intended to induce the debtor to settle the debt. *Id.* at 1357-58. Communications that are merely "informational" do not constitute debt collection activity. *Id.*

In this case, Defendant's first letter to Plaintiff, dated July 1, 2014, stated:

> Dear PATRICIA A WOOD:
>
> Your loan ending in [last four digits of account number] has been sold to Portfolio Recovery Associates, LLC and is no longer owned by Citi.
>
> Effective immediately, please send any future payments or correspondence to Portfolio Recovery Associates, LLC at:
> Portfolio Recovery Associates, LLC
> 130 Corporate Boulevard
> Norfolk, VA 23502
>
> Portfolio Recovery Associates, LLC may also be reached at 800-772-1413.
>
> In case you have already sent payment to Citi, the payment will be forwarded to Portfolio Recovery Associates, LLC.
>
> Sincerely,
>
> G. Goldberg
> Vice President
> Citibank, N.A.

(Dkt. 6-1 at 5). Defendant's representative, Terri Ryning, avers that Defendant does not have a copy of the second letter that Defendant sent to Plaintiff, dated August 21, 2014, but Defendant does have the template used to create that letter. (Dkt. 6-1 at ¶ 10). The template states:

> On July 1, 2014 we sent you a letter indicating your account ending in [last four digits of account number] was sold to Portfolio Recovery Associates. The letter reflected incorrect information regarding who purchased your account. Your account was actually sold to JH Capital Group, LLC and we apologize for any inconvenience. If you have already mailed a payment to Portfolio Recovery Associates with this this [*sic*] account number on the payment, it will be returned to you.
> Below is the correct contact information:
>
> JH Capital Group, LLC
> 5757 Phantom Drive, Suite 225
> Hazelwood, ML 63042
>
> JH Capital Group, LLC may also be reached at 1-877-395-3541.
>
> In case you have already sent payment to Citi, the payment will be forwarded to JH

    Capital Group, LLC.

    Sincerely,

    Citi.

(Dkt. 6-1 at 6). Plaintiff does not dispute the accuracy of Defendant's version of the two letters. (*See* Dkts. 8, 10).

  A review of both letters demonstrates that the communications are purely informational. The letters inform Plaintiff of the sale of her account and explain where to send payments. Nothing about the letters suggests that Defendant was attempting to induce Plaintiff to discuss or settle her debt. The letters do not contain a demand for payment, the balance due on the account, or any mention of arrangements for payment, apart from the identification of a new destination for Plaintiff to send her payments. *See Parker*, 874 F. Supp. 2d at 1358 (holding that the challenged letter was clearly informational where it informed plaintiff that her account had been assigned to defendant and included a new account number and contact information); *Hernandez v. Dyck-O'Neal, Inc.*, No. 3:14-cv-1124, at *2-3 (M.D. Fla. May 5, 2015) (holding that challenged letter was not an attempt to collect a debt where it merely informed the plaintiff of the assignment of her debt); *cf. Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012) (holding that letter and documents constituted debt collection activity where they demanded full and immediate payment, threatened additional action, and stated that they were an attempt to collect a debt); *Caceres*, 755 F.3d at 1303 (same).

  Accordingly, the July 1, 2014 and August 21, 2014 letters do not constitute debt collection activity and are not subject to FDCPA constraints. Defendant's motion is granted as to Plaintiff's FDCPA claim (Count II).

7

## C. *FCCPA*

Plaintiff also brings a state-law claim pursuant to the FCCPA. In contrast to the FDCPA, the FCCPA applies not only to debt collectors but to any "person," including original creditors. *See Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 910 (Fla. 2d DCA 2014). Similar to the FDCPA, however, a plaintiff must allege that the defendant was attempting to collect a consumer debt. *See* Fla. Stat. § 559.72 (prohibiting enumerated activities taken "[i]n collecting consumer debts"); *Gann*, 145 So. 3d 906, 908-10 (evaluating whether challenged actions constituted debt collection activity for the purpose of stating FCCPA claim).

Because the challenged letters are not an attempt to collect a debt, for the reasons discussed in connection with the FDCPA claim, Plaintiff is likewise unable to prevail on her FCCPA claim. *See, e.g., Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) (holding that the filing of a foreclosure lawsuit was not a debt collection practice under the FCCPA); *cf. Baggett v. Law Offices of Daniel C. Consuegra, P.L.*, No. 3:14-cv-1014, 2015 WL 1707479, at *5 (M.D. Fla. Apr. 15, 2015) (holding that the filing of a deficiency action plausibly stated a claim for collection of a debt under the FCCPA). Defendant's motion is therefore granted as to Plaintiff's FCCPA claim (Count I).

## D. *Sanctions*

Defendants also request Rule 11 sanctions against Plaintiff and her counsel, Frederick Vollrath. The motion for sanctions essentially reasserts the arguments advanced in Defendant's motion for summary judgment. (Dkt. 9). Plaintiff has not responded.

Rule 11 sanctions are proper when: (1) a party files a pleading that has no reasonable factual basis; (2) a party files a pleading that is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) a party files

8

a pleading in bad faith for an improper purpose. Fed. R. Civ. P. 11(b)-(c); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In assessing the propriety of Rule 11 sanctions, a court first determines whether a party's claims are objectively frivolous and, if so, whether the signatory to the pleading should have been aware that they were frivolous had she made a reasonable inquiry. *Worldwide Primates, Inc.*, 87 F.3d at 1254.

Although Plaintiff is unable to prevail on her claims as a matter of law, Defendant has not demonstrated that the claims are factually or legally unreasonable – particularly given the fact-specific inquiry involved in determining whether a challenged communication is made in connection with the collection of a debt, and the lack of controlling precedent. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003) (reversing imposition of sanctions, in part, due to the "paucity of controlling precedent"). There is also no indication that Plaintiff's claims were brought for an improper purpose. Defendant's motion for Rule 11 sanctions is therefore denied.

*Conclusion*

Based on the foregoing, it is **ORDERED** that:

(1) Plaintiff's motion to stay (Dkt. 8) is **DENIED**;

(2) Defendant's Motion for Summary Judgment (Dkt. 6) is **GRANTED**;

(3) Defendant's Motion for Imposition of Sanctions Pursuant to Rule 11 is **DENIED**;

(4) The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant and to **CLOSE** this case.

**DONE AND ORDERED** this 4th day of June, 2015.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record